CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 17 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOHAMMED SERDAH, ) | |
| Petitioner, ) | Civil Action No. 7:09-cv-00071 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ROANOKE COUNTY DEPT. OF ) | |
| SOCIAL SERVICES, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner Mohammed Serdah, proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Upon review of the petition, the court finds that Serdah is not "in custody" and is not challenging a state court judgment and, therefore, his claims cannot be addressed under § 2254. Accordingly, the court dismisses this action.

In his petition, Serdah indicates that he is challenging the Department of Social Services' decision to place his name on the Central Registry for Child Protective Services for a period of seven years. Section 2254(a) limits the availability of a federal remedy to state prisoners who are "in custody pursuant to the judgment of a State court." The "in custody" requirement does not necessarily denote actual physical detention in jail or prison, rather, the term is liberally construed as "restraints on a man's liberty, restraints, not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963); see also Peyton v. Rowe, 391 U.S. 54, 59 (1968). However, a petitioner is not "in custody" when no custodial sentence was imposed and there is no likelihood of detention. See Wright v. Bailey, 544 F.2d 737, 739 (4th Cir. 1976). In this case, Serdah is not

---

[1] The court notes that Serdah previously filed a § 2254 petition, raising substantially the same claims. By memorandum opinion and order entered October 28, 2008, the court dismissed his petition on the basis that he was neither "in custody" for the purposes of a § 2254 motion nor challenging a state court judgment. See Civil Action No. 7:08cv00561.

"in custody" because no custodial sentence was imposed and there is no likelihood of detention.[2] Further, he is not challenging a state court judgment, rather he is challenging a decision of a state Administrative Agency. Therefore, Serdah's claims cannot be addressed under § 2254, and his petition is dismissed.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to petitioner.

**ENTER**: This 17th day of March, 2009.

United States District Judge

---

[2] Serdah argues that he is "in custody" because he has a "liberty interest in his good name and reputation." However, he has not alleged that his placement on the registry has in any way affected his physical liberty of movement. The collateral consequences of a conviction, those consequences with negligible effects on a petitioner's physical liberty of movement, are insufficient to satisfy the custody requirement. See Maleng v. Cook, 490 U.S. 488, 491-92 (1989); Carafas v. La Vallee, 391 U.S. 234, 238 (1968); see also Virsnieks v. Smith, 521 F.3d 707 (7th Cir. 2008) (placement on sex offender registry did not satisfy "in custody" requirement of § 2254); Leslie v. Randle, 296 F.3d 518 (6th Cir. 2002) (same); McNab v. Kok, 170 F.3d 1246, 1247 (9th Cir. 1999) (same); Story v. Dauer, No. 08-1682, 2009 U.S. Dist. LEXIS 12176 (W.D. Pa. Feb. 18, 2009) (same).